## J. B. MURRAY *v.* TRAVIS WINHAM and others.

### April Term, 1877.

PRIORITY OF LIABILITY AS BETWEEN SECOND INDORSER AND SURETY OF APPEAL OF FIRST INDORSER. — A judgment having been rendered by a justice of the peace against both the first and second indorser of a note, the former appealed, signing the name of the latter to the appeal-bond without authority, and procured defendant to become surety of appeal, and the judgment was afterwards affirmed by the appellate court. *Held,* upon bill filed by the second indorser against the surety of appeal, who had paid the judgment, to enjoin him from taking legal steps to recover over against the complainant, that the bill contained equity.

*D. Campbell,* for complainant.
*John A. Campbell,* for Winham.

THE CHANCELLOR : — The bill makes this case : One A. B. Shankland was the first indorser, and complainant the second indorser, on a note made by one Lucas. On Feb-

ruary 11, 1868, M. E. Crutcher, as the holder of this note, recovered a judgment on it before a justice of the peace against both Shankland and Murray. Shankland appealed to the Circuit Court, and gave an appeal bond, to which he signed complainant's name, without authority, and procured the defendant Winham to become surety of appeal. The judgment was, on November 9, 1868, affirmed by the Circuit Court against the original parties and the surety of appeal. The bill is filed to have this judgment declared void as to the complainant, and its execution perpetually enjoined; and further, to enjoin the defendant Winham from bringing or prosecuting any suit against him, by motion or otherwise, as the surety of the complainant upon the appeal-bond, or the judgment rendered thereon as aforesaid.

The defendant Winham has moved the court to dismiss this bill for want of equity on its face, or to dissolve the injunction for like reason. He makes a further motion for judgment against complainant upon the ground that he, defendant, has recently paid the judgment.

In *Coles* v. *Anderson*, 8 Humph. 489, cited and approved in *Kinzer* v. *Helm*, 7 Heisk. 676, our Supreme Court held that the complainant was entitled in equity, upon a similar state of facts, to the relief sought by this bill. In that case, the complainant was the indorser of a note on which a joint judgment was recovered in the Circuit Court against him and the makers. The latter prayed an appeal, the complainant's name being signed by their lawyer, without the knowledge or consent of the complainant, to the appeal-bond, the defendant Anderson becoming the surety of appeal. The judgment was affirmed against all parties in the Supreme Court, and the complainant filed his bill against the judgment-creditors and Anderson; and the court held that the complainant was entitled to enjoin the creditors from proceeding on the judgment in the Supreme Court until he had exhausted the property of Anderson, and that Anderson was liable on the judgment before the complainant. Of

course, if Anderson had paid the judgment he would have had no claim for recovery over against the complainant. The substance of the ruling is that a surety of appeal, at the instance of the party to the judgment primarily liable, becomes bound for the recovery before another party to the judgment, only secondarily liable as between him and the other party, if the second party did not in fact join in the appeal. *Woodward* v. *Walton*, 7 Heisk. 53. It might be otherwise if both of the defendants to the original judgment were equally bound in the same right, as co-makers, co-sureties, etc. *Sharp* v. *Embry*, 1 Swan, 254. But see *Chaffin* v. *Campbell*, 4 Sneed, 184, where the reasoning would seem to imply that the surety could have no redress except against the person at whose instance he became surety. However this may be, it is clear that the complainant is entitled to relief as against the defendant Winham upon the case made by the bill.

The motions to dismiss the bill and to dissolve the injunction must be disallowed. And the injunction continuing in force as to Winham, he can prosecute no suit, " by motion or otherwise," upon the appeal-bond or the judgment rendered.